**NATIONAL LABOR RELATIONS BOARD v. JONES & LAUGHLIN STEEL CORPORATION. \***

No. 8088.

Circuit Court of Appeals, Fifth Circuit.

June 15, 1936.

Charles Fahy, Gen. Counsel, National Labor Relations Board, and Robert B. Watts and Thomas I. Emerson, Associate Gen. Counsel, National Labor Relations Board, all of Washington, D. C., for petitioner.

Earl F. Reed and John E. Laughlin, Jr., both of Pittsburgh, Pa., and Charles Rosen, Justin V. Wolff, and Gibbons Burke, all of New Orleans, La., for respondent.

Aaron Sapiro and Alexander H. Schullman, both of Pittsburgh, Pa.; amici curiæ.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

PER CURIAM.

The National Labor Relations Board has petitioned us to enforce an order made by it, which requires Jones & Laughlin Steel Corporation, organized under the laws of Pennsylvania, to reinstate certain discharged employees in its steel plant in Aliquippa, Pa., and to do other things in that connection.

The petition must be denied, because, under the facts found by the Board and shown by the evidence, the Board has no jurisdiction over a labor dispute between employer and employees touching the discharge of laborers in a steel plant, who were engaged only in manufacture. The Constitution does not vest in the federal government the power to regulate the relation as such of employer and employee in production or manufacture.

"One who produces or manufactures a commodity, subsequently sold and shipped by him in interstate commerce, whether such sale and shipment were originally intended or not, has engaged in two distinct and separate activities. So far as he produces or manufactures a commodity, his business is purely local. So far as he sells and ships, or contracts to sell and ship, the commodity to customers in another state, he engages in interstate commerce. In respect of the former, he is subject only to regulation by the state; in respect of the latter, to regulation only by the federal government. Utah Power & L. Co. v. Pfost, 286 U.S. 165, 182, 52 S.Ct. 548, 76 L.Ed. 1038. Production is not commerce; but a step in preparation for commerce.

Chassaniol v. Greenwood, 291 U.S. 584, 587, 54 S.Ct. 541, 78 L.Ed. 1004.

"We have seen that the word 'commerce' is the equivalent of the phrase 'intercourse for the purposes of trade.' Plainly, the incidents leading up to and culminating in the mining of coal do not constitute such intercourse. The employment of men, the fixing of their wages, hours of labor, and working conditions, the bargaining in respect of these things— whether carried on separately or collectively—each and all constitute intercourse for the purposes of production, not of trade. The latter is a thing apart from the relation of employer and employee, which in all producing occupations is purely local in character. Extraction of coal from the mine is the aim and the completed result of local activities. Commerce in the coal mined is not brought into being by force of these activities, but by negotiations, agreements, and circumstances entirely apart from production. Mining brings the subject-matter of commerce into existence. Commerce disposes of it." Carter v. Carter Coal Company, 56 S.Ct. 855, 80 L.Ed. ___, decided May 18, 1936.

That the employer has a. very large business, the interruption of which by a strike of employees which might happen, and that in consequence of such strike production might be stopped and interstate commerce in the products affected, does not make the regulation of the relation justified under the commerce power of Congress, because the possible effect on interstate commerce is too remote to warrant federal invasion of the state's right to regulate the employer-employee relation. Nor is it important that the employer imports part of his raw materials in interstate commerce and sells and exports a large part of his product in interstate commerce, which imports and exports would possibly be stopped by a possible strike. The employers' entire business thus connected together does not, as respects federal power, make a case different from that in which importation of materials, manufacture of them, and sale and export of the product are conducted by three persons. The employer here by doing all three things does not alter the respective constitutional spheres of the federal and state governments. The making and fabrication of steel by Jones & Laughlin Steel Corporation is production regulable by the state of Pennsylvania, notwithstanding the corpo-

ration also engages in interstate commerce regulable by Congress in bringing in its raw materials and again in selling and delivering its products. No specific present intent appears to impede or destroy interstate commerce by means of a strike in a manufacturing plant, or other like direct obstruction to or burden on interstate commerce. The order we are asked to enforce is not shown to be one authorized to be made under the authority of Congress. Carter v. Carter Coal Co., supra.

The petition is denied.