## NATIONAL LABOR RELATIONS BOARD v. FRIEDMAN–HARRY MARKS CLOTHING CO., Inc. *

Nos. 425, 426.

Circuit Court of Appeals, Second Circuit.

July 13, 1936.

See, also, 83 F.(2d) 731.

J. Warren Madden, Chairman, Charles Fahy, General Counsel, Robert B. Watts, Associate General Counsel, and Thomas I. Emerson, all of Washington, D. C., and Laurence A. Knapp, of New York City, and A. L. Wirin, for petitioner.

Weinberg & Sweeten, of Baltimore, Md. (Leonard Weinberg, Harry J. Green, and Zanvyl Krieger, all of Baltimore, Md., of counsel), for respondent.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The respondent, a Virginia corporation, is a manufacturer of men's clothing with its principal office and its factory in Richmond, Va. Practically all the raw materials used are brought from other states into Virginia, where respondent manufactures them into men's clothing. About 83 per cent. of the manufactured products are sold f. o. b. Richmond, to customers located in states other than Virginia.

Two sets of charges were filed with petitioner's local regional director by the

*Writ of certiorari granted 57 S. Ct. 120, 81 L.Ed. —.

**2**

Amalgamated Clothing Workers of America, a labor union of workers in the men's clothing industry, in which it was alleged that the respondent violated the National Labor Relations Act (29 U.S.C.A. § 151 et seq.) by discharging from its employ, and discriminating against 29 out of 800 of its employees, because they had engaged in union activities. The board filed complaints under section 10 (b) of the act (29 U.S.C.A. § 160 (b), and after a hearing respondent was found to have violated the act and was ordered to cease and desist from the unfair labor practices.

[Petitioner's theory is that the respondent is engaged in interstate commerce because of the shipment of raw materials to it from other states and the shipment of its finished products to other states, and, in addition, that the flow of commerce doctrine, as exemplified in Swift & Co. v. United States, 196 U.S. 375, 25 S.Ct. 276, 49 L.Ed. 518, brings this manufacturer within the federal power to regulate commerce. Respondent contends that the National Labor Relations Act, as applied to it, is unconstitutional and therefore invalid, and that the attempt to enforce its provisions against it is illegal.

It is shown that the alleged unfair labor practices complained of occurred in the manufacture of clothing in Richmond, Va. None of the workers involved had to do with the transportation of the clothing after its manufacture. They were engaged in various operations in the Richmond factory.

The relations between the employer and its employees in this manufacturing industry were merely incidents of production. In its manufacturing, respondent was in no way engaged in interstate commerce, nor did its labor practices so directly affect interstate commerce as to come within the federal commerce power. Carter v. Carter Coal Co., 56 S.Ct. 855, 80 L.Ed. 1160, May 18, 1936; Schechter Poultry Corporation v. United States, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570, 97 A.L.R. 947. No authority warrants the conclusion that the powers of the federal government permit the regulation of the dealings between employers or employees when engaged in the purely local business of manufacture.]

Therefore the orders to cease and desist may not be enforced.

Petitions denied.