CLARK et al. v. LINDEMANN & HOVERSON CO. et al., and three other cases. *

BEMAN v. INDEPENDENT WORKERS OF CLAYTON MARK & CO. et al. and two other cases.

Nos. 5789, 5790, 5827–5829, 5861, 5873.

Circuit Court of Appeals, Seventh Circuit.

Jan. 12, 1937.

Rehearing Denied March 3, 1937.

*Writ of certiorari denied Independent Workers of Clayton Mark & Co. v. Beman, 57 S.Ct. 941, 81 L. Ed. —.

60

Charles Fahy, Gen. Counsel, National Labor Relations Board, Robert B. Watts, Associate Gen. Counsel, and Mark Lauter, all of Washington, D. C., Robert R. Rissman, of Milwaukee, Wis., and Malcolm F. Halliday, Philip Levy, Jerome I. Macht, John J. Babé, and Garnet L. Patterson, all of Washington, D. C., for appellants.

Clark M. Robertson, of Milwaukee, Wis., and Claire B. Bird, Charles F. Smith, R. E. Puchner, and J. J. Okoneski, all of Wausau, Wis., for appellee Marathon Electric Mfg. Corporation.

M. O. Mouat, O. A. Oestreich, P. J. E. Wood, R. G. Cunningham, all of Janesville, Wis., for appellee Highway Trailer Co.

Leo Mann and W. J. McGowan, both of Milwaukee, Wis., for appellee A. J. Lindemann & Hoverson Co.

Clark M. Robertson and Fraley N. Weidner, both of Milwaukee, Wis., for appellee J. I. Case Co.

Ernest S. Ballard, of Chicago, Ill., for appellees Independent Workers of Clayton Mark & Co. and others.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

## PER CURIAM.

The appeals in the above-entitled causes involve substantially similar questions and were all heard together. Each arises from an attempted enforcement of the provisions of the National Labor Relations Act (49 Stat. 449, 29 U.S.C.A. § 151 et seq.), a suit in equity to restrain proceedings thereunder, and a decree of the District Court for temporary injunction. The appeal in each instance is by the National Labor Relations Board and its representatives. Some questions raised are peculiar to the individual case, but the only question we deem necessary to decide for a proper disposition of the appeals is common to all cases and all will be disposed of in this memorandum.

■ The question of prime importance is whether plaintiffs are about to suffer an injury for which the law courts afford no adequate redress. If they have an adequate remedy at law, they must choose it rather than invoke the equitable jurisdiction of the court.

■ The contention is made in all of the cases that the employers are engaged solely in intrastate commerce and that, therefore, the Act either does not apply to them or, if it does, it is unconstitutional. Conceding that such contentions are well founded, we think that an adequate forum has been provided by the terms of the Act for presentation and determination of these questions. That the parties may be subjected to expense, annoyance, and inconvenience is no adequate reason for invoking the aid of equity, as expense, annoyance, and inconvenience are present in some degree in all litigation; they are but incidental and burdens of civilized government.

■ That the Act affords adequate machinery for testing its constitutional validity is exemplified by the recent cases of N. L. R. Board v. Associated Press, 85 F.(2d) 56, and N. L. R. Board v. Washington, Virginia & Maryland Coach Co., 85 F.(2d) 990, where on petition to enforce the orders of the Board, the act was held valid. Whether the Act is valid, is not for the moment so important as the fact that an adequate and orderly method is available for the determination of this question outside the equity powers of the court.

A number of the circuits have in recent months given consideration to the Act either on petition to enforce the orders of the Board, petition to review the orders of the Board, or on review of decrees in equity of lower courts, either enjoining or declining to enjoin the proceedings of the Board. In some of these cases elaborate and convincing opinions have been filed. In our consideration we have had the benefit of the following cases: E. I. Dupont DeNemours & Co. v. Boland (C.C.A.2) 85 F.(2d) 12; Fruehauf Trailer Co. v. N. L. R. Board (C.C.A.6) 85 F.(2d) 391; Bemis Bros. Bag Co. v. Fiedelson (C.C.A.6) (Feb. 6, 1936) [1]; Foster Bros. Mfg. Co. v. N. L. R. Board (C.C.A.4) 85 F.(2d) 984; N. L. R. Board v. Jones & Laughlin Steel Co. (C.C.A.5) 83 F.(2d) 998; N. L. R. Board v. Friedman-Harry Marks Clothing Co. (C.C.A.2) 85 F.(2d) 1; Carlisle Lumber Co. v. Hope (C.C.A.9) 85 F.(2d) 1010; Agwilines, Inc. v. N. L. R. Board (C.C.A. 5) 87 F.(2d) 146 (Dec. 22, 1936); Bradley Lumber Co. v. N. L. R. Board (C.C.A.5) 84 F.(2d) 97; N. L. R. Board v. Associated Press (C.C.A.2), supra; N. L. R. Board v. Washington, Virginia, & Maryland Coach Co. (C.C.A.4), supra; Pratt v. Stout (C.C.A.8) 85 F.(2d) 172; Heller Bros. Co. v. Lind (App.D.C.) 86 F.(2d) 862 (Nov.

---

[1] No opinion filed.

9, 1936); Alexander Smith & Sons Carpet Co. v. Herrick et al. (C.C.A.2) 85 F.(2d) 16; Precisions Casting Co. v. Boland (C. C.A.2) 85 F.(2d) 15.

These cases were not available to the District Judges at the time of the entry of the orders complained of.

A study of the Act, as well as the decisions of the various circuits referred to, convinces us that the Act itself affords an adequate and exclusive procedure for a consideration of all the questions here involved, without invoking the equitable jurisdiction of the court. Our conclusion upon this point renders unnecessary the consideration of other questions.

The order in each of the cases is reversed, and the several causes remanded to the District Court with directions to dissolve the temporary injunction and to dismiss the bills for want of equity.

Reversed and remanded.