**MYERS et al. v. BETHLEHEM SHIP-BUILDING CORPORATION, Limited.***

**SAME v. MacKENZIE et al.**

**Nos. 3189, 3190.**

Circuit Court of Appeals, First Circuit.

Feb. 12, 1937.

Robert B. Watts, Associate Gen. Counsel, National Labor Relations Board, of Washington, D. C. (Charles Fahy, Gen. Counsel, and A. Norman Somers, both of

Washington, D. C., on the brief), for appellants.

Claude R. Branch, of Boston, Mass. (John L. Hall and Choate, Hall & Stewart, all of Boston, Mass., and Hoyt A. Moore, E. Fontaine Broun, and Cravath, de Gersdorff, Swaine & Wood, all of New York City, on the brief), for appellee Bethlehem Shipbuilding Corporation, Limited.

B. A. Brickley, of Boston, Mass. (Oliver R. Waite and Brickley, Sears & Cole, all of Boston, Mass., on the brief), for appellees MacKenzie and others.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

These are two suits in equity to enjoin officials of the National Labor Relations Board from proceeding with hearings on a complaint against the Shipbuilding Corporation alleging unfair labor practices. The District Judge granted injunctions and the defendants have appealed.

The bill of the Shipbuilding Corporation alleges that it is engaged in shipbuilding with a plant at Fore River, Mass., at which about 5,000 persons are employed; that besides building ships it does a small amount of other manufacturing; that on April 14, 1936, it was served with a copy of complaint and notice of hearing from the National Labor Relations Board; that the complaint charged that the Shipbuilding Corporation was dominating and interfering with a labor organization formed by its employees and was preventing its employees from securing the benefits of genuine collective bargaining; that notice of hearing to take place on April 27, 1936, and subpoenas were served upon the plaintiff; that for many years there has been in existence at the plaintiff's plant an organization of its employees known as the Plan of Employees Representation, referred to as the Plan, with which 96 per cent. of the employees at said plant are affiliated; that the relations between the plaintiff and its employees are furthered and protected by said Plan; that for many years such relations have been amicable and satisfactory on both sides; that the present complaint is made by persons in no way connected with the plaintiff's business, either as workmen or in any other capacity; that a similar complaint was made in September, 1934, to the Old Labor Board; that it was fully heard at great trouble and expense to the plaintiff and by a decision on February 13,

1935, the Old Labor Board unanimously held that the complaint was not sustained and dismissed it; that there has been no change in the relations between the plaintiff and its employees since that date. The bill further alleges irreparable injury and inadequacy of legal remedy; it also alleges that the National Labor Relations Act (29 U.S.C.A. § 151 et seq.) is unconstitutional on several grounds.

The second bill is filed by the officers of the Plan of Employees Representation. It recites that its members have oral contracts with the shipbuilding company under which they are employed there; that harmonious relations exist between the employees and the management; that all employees who have been on the payroll of the corporation over 60 days prior to an election and are of requisite age are eligible to vote and that 96 per cent. of the employees did vote at the last election of its officers; that they desire no change to be made in their status and no interference by the National Relations Board, but, on the contrary, desire to retain their individual rights and freedom in respect to bargaining with their employer; that the proposed hearings will impair the amicable relations between the employees and the employer and will do irreparable injury. The bill also alleges the unconstitutionality of the statute. The District Judge found the allegations of fact in the bills to be true. He also found that the plaintiffs would suffer irreparable injury if the proposed hearings were held and that there was no plain, adequate, and complete remedy at law.

Motions to dismiss in each case were filed by the defendants, and after hearing were denied by the District Judge. (D.C.) 15 F.Supp. 915. The present appeal, however, brings up only the orders granting injunctions.

The case is by no means of the first impression. Cases involving the powers and jurisdiction of the National Labor Relations Board have already arisen and been decided in the Second, Fourth, Fifth, Sixth, Eighth, and Ninth Circuits, some as in this case on proceedings to enjoin hearings, some on petitions to review orders made by the Board, and some on petitions by the Board for enforcement of its orders. Where the question was presented it has uniformly been held that the act does not apply to manufacturers. Such persons are not engaged in interstate commerce and their relations with their employees are within the jurisdiction of the state rather than of the national government. National Labor Relations Board v. Friedman-Harry Marks Clothing Co., 85 F.(2d) 1 (C.C.A.2); Foster Bros. Mfg. Co. v. National Labor Relations Board, 85 F.(2d) 984 (C.C.A. 4); National Labor Relations Board v. Jones & Laughlin Steel Corporation, 83 F.(2d) 998 (C.C.A. 5); Fruehauf Trailer Co. v. National Labor Relations Board, 85 F.(2d) 391 (C.C.A 6); Pratt v Stout, 85 F(2d) 172 (C.C.A. 8); National Labor Relations Board v. Mackay Radio & Telegraph Co. 87 F.(2d) 611 (C.C.A.9) January, 1937. Where an employer is engaged in interstate commerce the Board has jurisdiction and its orders have been enforced. National Labor Relations Board v. Associated Press, 85 F.(2d) 56 (C.C.A. 2); National Labor Relations Board v. Washington, Virginia & Maryland Coach Co., 85 F.(2d) 990 (C.C.A. 4). It would serve no useful purpose to repeat the elaborate discussions of law which are contained in the opinions in some of these cases, particularly in Pratt v. Stout; Foster Bros. Mfg. Co. v. National Labor Relations Board; National Labor Relations Board v. Jones & Laughlin Steel Corporation, and National Labor Relations Board v. Friedman-Harry Marks Clothing Co.

Notwithstanding this great weight of adverse opinion, the respondents contend that they ought to have been allowed to go on with the hearings and that the injunctions ought not to have been granted because the act provides an adequate legal remedy and because the injury with which the plaintiff claims to be threatened is not, legally speaking, irreparable. On the present state of the law there would seem to be only slight probability that any order which might be made by the Board in this case would be enforced. It is altogether probable that the Board is attempting to act on a complaint not within its jurisdiction. This appears on the face of the complaint wherein the business of the shipbuilding company is described as follows:

"2. The respondent in the course and conduct of its business causes and has continuously caused large quantities of the raw materials used in the production of its boats, ships and marine equipment to be purchased and transported in interstate commerce from and through states of the United States other than the State of Massachusetts to the Fore River Plant in the State of Massachusetts, and causes and has continuously caused the boats, ships and marine

156

equipment produced by it to be sold and transported in interstate commerce from the Fore River Plant in the State of Massachusetts to, into and through states of the United States other than the State of Massachusetts, all of the aforesaid constituting a continuous flow of trade, traffic and commerce among the several states."

The employees of such a business are not engaged in interstate commerce nor in a business within the jurisdiction of the Board, and if not, the Board is acting without authority and in violation of law. Cases, supra. See, also, Carter v. Carter Coal Co., 298 U.S. 238, 303, 304, 56 S.Ct. 855, 80 L.Ed. 1160.

On the somewhat unusual facts in this case, viz., the long-established plant association and the long-established amicable and satisfactory relations between the plaintiff and its employees fostered by it, it might well be held that irreparable injury would be caused by an investigation calculated to disturb those relations and that neither plaintiff had an adequate remedy at law. Both the shipbuilding company and its employees have a right that the established friendly relations between them shall not be injured without legal justification. It cannot be said that the District Judge erred in finding and ruling that the plaintiffs had no adequate remedy at law nor in finding and holding that danger of irreparable injury was shown and that, considering the doubt as to the Board's jurisdiction, the plaintiffs were entitled to preliminary injunctions.

The decrees of the District Court are affirmed.