## HICKS v. NATIONAL LABOR RELATIONS BOARD et al.

### No. 4401.

Circuit Court of Appeals, Fourth Circuit.

Jan. 9, 1939.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

Roscoe B. Greenway, of Richmond, Va., for petitioner.

A. Norman Somers, of Washington, D. C., Atty., National Labor Relations Board, for respondent National Labor Relations Board.

SOPER, Circuit Judge.

Edna Hicks, a former employee of Friedman-Harry Marks Clothing Company, files a petition herein against the National Labor Relations Board and the Clothing Company to obtain a review of a final order of the Board in the case of a complaint filed by the Board against the Clothing Company, insofar as the order directed the dismissal of the charge that the petitioner had been dismissed from the employ of the Clothing Company in the course of unfair labor practices on its part. The order of the Board directed the Clothing Company to cease and desist from certain unfair labor practices and to offer reinstatement to certain employees who had been previously discharged contrary to the provisions of the National Labor Relations Act, 29 U.S. C.A. § 151 et seq., and to make the employees whole for the loss of pay they had suffered by reason of their discharge. By the same order, however, the complaint was dismissed with respect to three employees, including the petitioner, since no evidence was introduced on their behalf.

The present petition asserts that at the time of the hearing before the trial examiner of the Board on December 5, 1935 in Richmond, Virginia, the petitioner was seriously ill and unable to be present. Thereafter the Board filed its final decision on March 28, 1936 and petitioned the Circuit Court of Appeals for the Second Circuit for an enforcement of its order, which was denied in an opinion filed in National Labor Relations Board v. Friedman-Harry Marks Clothing Co., 85 F.2d 1. This action was reversed by the Supreme Court, 301 U. S. 58, 57 S.Ct. 645, 630, 81 L.Ed. 921, 108 A.L.R. 1352, on April 2, 1937. Thereafter, on June 10, 1937, the petitioner filed a petition for reinstatement of the complaint as to her with the Regional Director of the Board at Baltimore, and on May 16, 1938 the petition was denied. On May 23 the petitioner filed a petition for reinstatement with the Board, but this also was denied on June 21; and the pending petition was filed in this court on September 19. The prayer is that the final order of the Board be reversed, and that the Board be ordered to reinstate the case as to the petitioner, so that she may be afforded an opportunity to present evidence to show the reason for her failure to be present and testify at the hearing of December 5, 1935, and to show that she was entitled to be paid a sum of money equal to the wages lost by virtue of her discharge, and also that the Board be required to certify to this court a copy of the transcript of the entire record in the proceedings before it.

The Board appeared specially in answer to the petition for the sole purpose of objecting to the jurisdiction of the court, basing its objection on the following facts of record. After the final order of the Board on March 28, 1936 there arose an apparent conflict of jurisdiction between this court and the Circuit Court of Appeals for the Second Circuit due to proceedings taken by parties to the cause. On March 31, 1936 the employer filed in this court a petition to review the order of the Board, as it was authorized to do under Section 10(f) of the statute, 29 U.S.C.A. § 160(f), since it was engaged in the manufacture of clothing in Virginia and the unfair labor practices were alleged to have been committed therein. The employer, however, did not file in

this court the certified transcript of record of the proceeding before the Board until April 15, 1936. In the meantime, on March 30, 1936 the Board filed a petition for the enforcement of its order with the Circuit Court of Appeals for the Second Circuit, as it was authorized to do under Section 10 (e) of the Act, 29 U.S.C.A. § 160(e), since the Clothing Company was also engaged in business in New York City; and on April 2 the Board filed a transcript of the record therein. Under these circumstances that court decided that it had exclusive jurisdiction for the reasons stated in its opinion, 85 F.2d 1, and this decision was accepted by the parties to the cause. Subsequently, as we have seen, the court entered a decree and mandate granting the petition of the Board for enforcement of its order. By reason of the aforesaid facts the Board now takes the position that the Circuit Court of Appeals for the Second Circuit acquired and has exclusive jurisdiction in the premises.

The Board takes the additional position in its brief that this court is without jurisdiction because the order of dismissal as to the petitioner Edna Hicks is not an order reviewable under Section 10(f) of the Act. The order was not based upon testimony or findings relating to the merits of the petitioner's case, and it is said that the Act in Sections 10(c), 10(e) and 10(f), 29 U.S.C.A. § 160(c, e, f), contemplates that the Board shall act upon testimony either in passing a cease and desist order or an affirmative order upon the employer, or in dismissing a complaint on the ground that no unfair labor practice has taken place. It is contended that, in general, negative orders of administrative tribunals are not deemed reviewable, and the reviewing power of the Circuit Courts of Appeals over such tribunals is restricted to that expressly given by statute; and that under the National Labor Relations Act, the power to review negative orders of the Board is limited to orders based upon findings of fact.

In our opinion, this court is without jurisdiction in the premises, and it is sufficient to discuss the reason advanced in the special appearance of the Board. Sections 10(e) and 10(f) of the Act were designed primarily to furnish complementary methods of review of findings of the Board by the federal courts. On the one hand, the Board is authorized by Section 10(e) in any case to apply for the enforcement of its order against an employer to the court having jurisdiction of the place where the unfair labor practice occurred, or where the employer lives or transacts business; and, on the other hand, the employer is authorized by Section 10(f) to apply to the same tribunals for a review of the order. In both cases exclusive jurisdiction is conferred. No provision is made to solve the difficulty that arises when, as in this proceeding, parties on opposite sides appeal to different courts; but the course to be followed in such a contingency is outlined in the decision in the Second Circuit, for obviously exclusive jurisdiction cannot reside in different courts at one and the same time.

Section 10(f), however, gives the right to appeal to the court to review the action of the Board to "any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought"; and this expression is broad enough literally to include any aggrieved employee whose claim for compensation for injury caused by an unfair labor practice has been denied. Such a person is permitted by Section 10(f) to file a petition for review in the court wherein the unfair labor practice occurred or wherein he resides or transacts business, and it has been suggested, therefore, that the petitioner in the pending case is limited to the Fourth Circuit, because the unfair labor practices took place in Virginia and her residence and place of business are there located.

We think this language would have been controlling and the petitioner would have been limited to the Fourth Circuit, if no other court had previously obtained jurisdiction of the whole case; but it is not reasonable to suppose that Congress intended to give two or more courts concurrent authority to review parts of the same subject matter in controversy, unless the language of the statute compels this conclusion. It is conceivable, if the words of the statute are literally applied, that in cases where the rights of many employees are involved in a labor controversy with divers places of residence or business, the courts of a number of different circuits would be potentially available to persons involved in the same dispute. Such a practice would lead to such inconvenience, inconsistency and confusion that Congress cannot be supposed to have sanctioned it. Hence the principle underlying the decision of the Second Circuit should be applied, and the

court first obtaining jurisdiction should be clothed with the exclusive jurisdiction mentioned in the act. Every aggrieved person will thereby have the opportunity to apply to some court for relief, that is, if he is the first to petition the court to review an order of the Board and to file a transcript of its proceedings, he may apply to the court which has jurisdiction of his residence or place of business or of the location where the unfair labor practices occurred; but if he is not the first to seek a review, then he may apply to the court which has already acquired jurisdiction of the case. Jurisdiction in the pending case lies with the Circuit Court of Appeals of the Second Circuit, and the petition in this court must therefore be dismissed.