## COLUMBIA OIL & GASOLINE CORPORATION v. SECURITIES & EXCHANGE COMMISSION.

### No. 8223.

Circuit Court of Appeals, Third Circuit.

Heard Jan. 18, 1943 on rule to show cause opinion filed Jan. 25, 1943.

Seymour M. Heilbron, of New York City, for L. J. Marquis & Co. and others.

Roger S. Foster, of Philadelphia, Pa., for Securities & Exchange Commission.

C. R. Lowther, of New York City, for Columbia Oil & Gasoline Corporation.

Before MARIS and GOODRICH, Circuit Judges, and GANEY, District Judge.

PER CURIAM.

In this proceeding Columbia Oil & Gasoline Corporation under the authority of Sec. 24(a) of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79x, filed on December 1, 1942, a petition to review an order of the Securities and Exchange Commission. On December 14, 1942, the Commission filed in this court a transcript of the record upon which the order complained of was entered. Previously, on November 16, 1942, L. J. Marquis & Co., Henry H. Abrams, Etta Schickler, and Stanley M. Arndt, alleging themselves to be aggrieved by the order of the Commission, had filed a petition to review it in the Circuit Court of Appeals for the Second Circuit. The Commission, however, as we have said, filed the transcript of the record in this court and did not file it in the Second Circuit. On December 29, 1942, on motion of the Commission, the Circuit Court of Appeals for the Second Circuit dismissed the Marquis petition for review for want of jurisdiction in view of the filing of the transcript in this court and on January 4, 1943, denied rehearing "without prejudice to the right of the petitioners to renew said motion in the event that the Circuit Court of Appeals for the Third Circuit should not entertain jurisdiction of the instant petition to review."

L. J. Marquis & Co. and its associates have now obtained an order from this court to show cause why, upon an affidavit of their counsel setting forth the facts above recited, this court should not pass upon their petition for review filed in the Second Circuit with the same effect as though it had originally been filed in this court. The order is not opposed by the Commission. We think, however, that it cannot be granted upon the record now before us. In so holding we do not doubt that this court, by reason of the filing of the transcript, has acquired exclusive jurisdiction over the order of the Commission which is involved in this proceeding. The express terms of Sec. 24(a) so provide and the authorities are in accord. Okin v. Securities & Exchange Commission, 2 Cir., Dec. 10, 1942, 134 F.2d 333; National Labor Relations Board v. Friedman-Harry Marks Clothing Co., 2 Cir., 1936, 83 F.2d 731; Hicks v. National Labor Relations Board, 4 Cir., 1939, 100 F.2d 804; Standard Oil Co. v. National Labor Relations Board, 8 Cir., 1940, 114 F.2d 743; Stanolind Oil & Gas Co. v. National Labor Relations Board, 5 Cir., 1940, 116 F.2d 274; National Labor Relations Board v. Standard Oil Co., 10 Cir., 1941, 124 F.2d 895. It is true that all but one of the cited cases were decided under the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., but the language of that act on the point here involved is substantially the same as that of the Public Utility Holding Company Act.

The Public Utility Holding Company Act, however, requires that a petition to review an order of the Commission must be filed within sixty days after the entry of the order. It is, there-

fore, now too late to file such a petition in this court. Clearly it would be beyond our power to avoid the statutory limitation by granting leave to file a petition at this time, nunc pro tunc. Nor may we on the statements or even affidavits of counsel that a petition has been filed in another court assume jurisdiction to grant the relief prayed for when the petition, which is the sole basis for invoking our jurisdiction, is not itself in our possession. Fundamental rules of jurisdiction and orderly procedure, as well as comity, forbid our acting upon a petition which is in the possession of another court and which has not been transferred to us either by the court having possession of it or otherwise by operation of the law. Moreover even if there were authority for our considering a pending petition for review which is not before us, the fact is that the Marquis petition has been dismissed by the court in which it was filed. Consequently it presently presents no justiciable controversy either here or elsewhere.

It is clear that the act contemplates that Marquis and its associates should, if aggrieved, have a right to judicial review of the Commission's order. It cannot be denied that they acted seasonably and in full accordance with the law in filing their petition when and where they filed it. The difficulty in which they now find themselves is solely the result of the Commission's election to file the transcript in this rather than in the Second Circuit. It is hard to believe that this action by the Commission can deprive Marquis and its associates of the right of review which they seasonably invoked. The dilemma is one for which the act does not expressly provide and it may be one for the solution of which the parties must look to Congress.

On the other hand it may well be that Marquis and its associates could by intervention in the proceeding instituted in this court by Columbia Oil & Gasoline Corporation obtain the review of the Commission's order which they sought in the Second Circuit. No petition by them for intervention has been filed, however. Likewise the Circuit Court of Appeals for the Second Circuit might, upon a rehearing of its order of dismissal and upon motion of the petitioners, conclude that it has power to reinstate the Marquis petition and transfer and transmit it to this court as the court having exclusive jurisdiction over the order sought to be reviewed. If this should be done it would seem that with a timely petition thus brought before us this court would have power to adjudicate it. But here again it must be noted that no such action has been sought in the Second Circuit.

The application of L. J. Marquis & Co., Henry H. Abrams, Etta Schickler and Stanley M. Arndt to this court to take jurisdiction of their petition for review filed in the Second Circuit is denied.