Howard E. SHANK and Ruth Warner, Plaintiffs-Appellants,

v.

NATIONAL LABOR RELATIONS BOARD, etc., and General Electric Company, a corporation, Defendants-Appellees.

No. 12376.

United States Court of Appeals Seventh Circuit.

Oct. 31, 1958.

Virginia A. Davies, Danville, Ill., for appellant.

Thomas J. McDermott, Associate General Counsel, Arnold Ordman, Attorney, National Labor Relations Board, Washington, D. C., Jerome D. Fenton, General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Owsley Vose, Irving M. Herman, Attorneys, National Labor Relations Board, Washington, D. C., Robert Z. Hickman, Danville, Ill., Bookwalter, Carter, Gunn & Hickman, Danville, Ill., of counsel, for appellee.

Before HASTINGS, PARKINSON and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiffs sought individual declaratory judgments against defendants with respect to several matters.

In their Counts I and II, plaintiffs sought to have the District Court construe Title 5, Chapter 19, § 1009 and Title 29, §§ 141–197, United States Code Annotated; and Title 29, Part 101, Subpart B, § 101.14 of Code of Federal Regulations, with respect to judicial review of agency action, Board's decisions and orders, to enable plaintiffs to perfect rights by way of damages in a matter pending or to be brought in the state court.

▮ Plaintiffs had filed charges with the National Labor Relations Board. The General Counsel of the Board refused to issue complaints under the N.L.R.B. Act, as amended. Plaintiff Ruth Warner alleged that the General Counsel adhered to his decision on reconsideration. Plaintiff Howard E. Shank had taken no appeal from the initial refusal of the Regional Director to issue a complaint. Plaintiffs do not allege error in the administrative action taken. It is not alleged that the N.L.R.B. or the General Counsel will be a party to any proposed state court action.[1]

---

[1] In oral argument before this court, counsel for plaintiffs explained that the Constitutionality of Congressional delegation of discretion to the General Counsel of the N.L.R.B., to decide whether action would be taken on particular charges, was not questioned in general, but that plaintiffs sought to have the statute construed to determine whether the manner in which the General Counsel exercised his discretion, with respect to plaintiffs' particular charges, was permissible, and if so, whether it was not such as to allow abuse of rights guaranteed to plaintiffs.

The theory apparently is that the N.L.R.B. is in constant receipt of charges so numerous as to render action impracticable on all of them, and that the General Counsel's method of selection re-

The District Court concluded that there was no showing of actual controversy between either plaintiff and the Board, and properly allowed the Board's motion to dismiss Counts I and II for want of jurisdiction of the subject matter.[2]

In Count III, plaintiff Howard E. Shank sought declaratory judgment against defendant General Electric Company respecting the validity and application of an injunction order with particular reference to a pending contempt citation issued by a state court.[3]

In effect the District Court was asked to review, by way of declaratory judgment, a pending state court matter prior to its final decision. The District Court rightly refused such review, pointing out that if the injunction were invalid, plaintiffs had the right of appeal.

In regard to Count IV, wherein plaintiff Ruth Warner sought construction of an expired union contract,[4] the District Court held that the matter was moot, that there was no showing of existing controversy, and declined to enter an advisory opinion regarding the validity of a possible defense predicated on the expired contract, which might be raised in an action for damages, pending or to be brought in the state courts. The District Court accordingly allowed motion of defendant General Electric Company to dismiss Counts III and IV.

We find no error in the District Court's action.

Affirmed.

---

sults, in the case of plaintiffs, in estoppel of their right to raise constitutional issues.

This Court has held that although the National Labor Relations Act created rights against employers which did not exist before, such rights were not private rights vested in the employees, but were public rights, and that, accordingly, the function of the Board was to be performed in the public interest and not in vindication of private rights. Local Union No. 12, Progressive Mine Workers of America, Dist. No. 1 v. N. L. R. B., 7 Cir., 1951, 189 F.2d 1, at page 5, and cases there cited. Certiorari denied 342 U.S. 868, 72 S.Ct. 109, 96 L.Ed. 653.

Defendant N.L.R.B. contended that if plaintiffs had an action, it was solely against the General Counsel, not the Board itself, and that in such case plaintiffs had mistaken their venue.

As a collateral issue, plaintiffs also raised the question of whether or not failure to exhaust administrative remedies bars action in the federal district courts by way of declaratory judgment. Plaintiffs cited Parker v. Lester, 9 Cir., 1955, 227 F.2d 708, as authority for petitioning declaratory judgment at this time. In that case, the Court held that the administrative remedy provided by the statute was demonstrably incapable of affording due process. The case did not deal with the N.L.R.B. Act, which in this respect was upheld by Clark v. Lindemann & Hoverson Co., 7 Cir., 1937, 88 F.2d 59, certiorari denied 300 U.S. 681, 57 S.Ct. 752, 81 L.Ed. 885; Independent Workers of Clayton Mark & Co. v. Be-

man, 301 U.S. 707, 57 S.Ct. 941, 81 L. Ed. 1361; Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 48, 58 S.Ct. 459, 82 L.Ed. 638.

2. Declaratory judgments are limited to cases of actual controversy (as distinguished from differences or disputes of a hypothetical, abstract, academic, or moot quality) which are real and substantial, admitting of specific relief through a decree of conclusive character. Winsor v. Daumit, 7 Cir., 1950, 185 F.2d 41, 43–44. We find no basis for such conclusive decree here.

3. Plaintiff Howard E. Shank complained that he was not a party to the original state court action in which injunction against mass picketing, etc. issued, and that he was improperly named as respondent in a pending, undetermined petition brought by defendant General Electric Company to show cause wherein Howard E. Shank was not in contempt of that injunction order, in his having held a breakfast meeting at his residence adjacent to the property of defendant General Electric Company, which was then being picketed.

4. Plaintiff Ruth Warner alleged that the defendant General Electric Company had improperly discharged her and had refused to negotiate with Local 997, International Union of the United Automobile Workers, on the ground that while Ruth Warner was president of the Local, there had been a work stoppage which was "illegal" under the terms of their then contract.