**Andres Gil PEREZ, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE, Defendant.**

**Civ. No. 417-71.**

United States District Court,
D. Puerto Rico.

Dec. 20, 1972.

Benito Gutierrez-Diaz, Hato Rey, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., for defendant.

### ORDER

TOLEDO, District Judge.

This cause is before the Court upon plaintiff's complaint of June 15, 1971, wherein it is stated that after the plaintiff was awarded disability benefits by the defendant, he received an undated letter from the defendant informing him that he had been overpaid $746.00, in view of the fact that the law requires the defendant to reduce payments for he was receiving since April 1968, workmen's compensation payments; and that, accordingly, in order to reduce the overpayment, the defendant was withholding benefits payable to him April 1968 through February 1971, at which time, the balance of the overpayment would be

$521.00. The letter informed him further, that if he refunded $521.00, the defendant would resume his monthly benefits effective March 1971.

Plaintiff requested a reconsideration of defendant's determination and the defendant, on reconsideration, upheld its primary determination. He requested a hearing, which hearing was held on November 9, 1970. Three issues were submitted by the plaintiff herein to the hearing examiner; which issues were: (1) whether a waiver of overpayment should be made by the Secretary; (2) whether the suspension of plaintiff's disability benefits, without adequate notice and before a hearing was held on the issue, was constitutionally permissible under the doctrine of Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L. Ed.2d 287 (1970); and (3) whether the offset or deduction of the social security benefits because of an award of benefits under the Puerto Rico Workmen's Compensation Law, as permitted by Section 224 of the Social Security Act, Title 42, United States Code, Section 424, is constitutionally permissible.

The hearing examiner entered a decision holding: that although plaintiff had been overpaid, nevertheless, the overpayment was subject to waiver under Section 204 of the Act, Title 42, United States Code, Section 404; that plaintiff's disability insurance benefits were properly reduced pursuant to Section 224 of the Act; that he had no authority under the law to pass on the constitutionality of the Act which he is called upon to administer; and that he could not find that plaintiff had a constitutional right to a pre-termination hearing. After a timely request, the Appeals Council, on April 19, 1971, denied plaintiff's request for review, thereby rendering the decision of the hearing examiner the final decision of the Secretary subject to judicial review herein under Section 205(g) of the Act, Title 42, United States Code, Section 405(g).

On November 2, 1971, the defendant filed its answer to the complaint and on April 24, 1972, filed a brief in support of its allegations in the answer to the complaint.

Defendant contends that the workmen's compensation benefits offset provided by Section 224 of the Act, Title 42, United States Code, Section 424, is constitutional; that any contention that it is unconstitutional was laid to rest by the Supreme Court in Richardson v. Belcher, 404 U.S. 78, 92 S.Ct. 254, 30 L. Ed.2d 231 (1971).

Defendant further contends that the issue of plaintiff's alleged right to a hearing prior to the reduction of his disability insurance benefits pursuant to the workmen's compensation offset or prior to any recovery of a resulting overpayment, is not before the Court. This contention is predicated upon defendant's assertion that plaintiff has mooted this issue by having a full hearing after the reduction of benefits became operative, citing Rodriguez v. Finch (Order of July 1, 1971, entered on Civil 2291 by the U. S. District Court for the District of Colorado) for since plaintiff had a hearing on this issue, there is no issue as to his right to a hearing at an earlier point in time. In this respect, defendant further asserts that in view of the decision of Richardson v. Belcher, supra, the determination in this case cannot be changed administratively; thereby, there being no relief that could be granted to the plaintiff if he were to be afforded a second hearing. In relation to the above, the defendant further asserts that this Court should not reach this constitutional issue for the administrative process has already taken its course and its fairness is manifest, citing Richardson v. Wright, 405 U. S. 208, 92 S.Ct. 788, 31 L.Ed.2d 151 (1972) and Messer v. Richardson, 400 U.S. 987, 91 S.Ct. 455, 27 L.Ed.2d 435 (1971). Furthermore, in relation to this issue, the defendant asserts that plaintiff is not entitled to such a hearing in this cause, for it asserts Goldberg v. Kelly, supra, does not apply to Title II cases; citing this Court's decision in the case of Vega v. Secretary of Health, Education and Welfare, D.C., 321 F.

Supp. 553 (1970). Defendant also asserts that in this case, with respect to the workmen's compensation offset, only an issue of law is involved and that Goldberg v. Kelly, supra, does not require a hearing where there is no issue of fact, but merely an issue of law; citing Russo v. Kirby (2 Cir. 1971), 453 F.2d 548.

Finally, the defendant contends that the issue of whether or not plaintiff is entitled to a hearing prior to the recovery of an overpayment is likewise not before this Court, for the issue it asserts, was also mooted by the hearing given to the plaintiff on this issue which hearing also included the issue of the waiver of such overpayment; issue which was decided on plaintiff's favor. Being it so, defendant contends that there is no case or controversy before the Court in relation to this issue. Accordingly defendant argues, since the overpayment amount was waived, said portion of the prayer has become moot.

Concluding, the defendant asserts the issue of plaintiff's alleged right to a pre-reduction or pre-recoupment hearing has been mooted because (1) a hearing on both issues has been held, and (2) no relief is possible as to the reduction issue, because the Supreme Court has upheld the constitutionality of the offset and because relief has been granted as to the recoupment issue, in the form of waiver of recovery of the overpayment; there being no actual justifiable controversy. It finally asserts that at this point, the plaintiff merely attempts to secure an abstract determination of the validity of the statutes involved; a thing this Court may not do, for relief cannot be granted where the alleged controversy is hypothetical.

On May 24, 1972, the plaintiff filed a brief in reply to the brief submitted by the defendant, wherein he concedes that the offset provisions of Section 224 of the Act are constitutional in view of the decision to that effect entered by the Supreme Court in Richardson v. Belcher, supra; but that with regard to his due process rights in relation to a suspen-sion of his benefits, the situation is otherwise. In this respect, plaintiff alleges that we should follow Wright v. Finch (D.C.D.C.1971), 321 F.Supp. 383, vacated and remanded, Richardson v. Wright, 405 U.S. 208, 92 S.Ct. 788, 31 L.Ed.2d 151 (1972), since the Supreme Court by majority decided not to reach the constitutional issue in view of the fact that they were advised before the hearing of the cause that the Secretary of Health, Education and Welfare, had adopted new regulations, at that time effective, governing the procedures to be followed by the Social Security Administration in determining whether to suspend or terminate disability benefits.

The plaintiff also concedes that no additional hearing is now required because he, eventually, had a hearing on all the issues, except the issue of his right to present his case before suffering a suspension of disability benefits, which issues were disposed of; but that said disposition does not preclude this Court in making a judgment with respect to the way in which his benefits were terminated and the fact that it took many months from the time his social security disability benefits suddenly stopped until he could present his case in an adequate manner before the hearing examiner. Accordingly, plaintiff requests that this Court issue a declaratory judgment indicating that plaintiff's disability benefits should not have been suspended in the summary manner in which they were in fact suspended, and declaring that he should have had an earlier opportunity to participate, present his case and obtain the relief eventually determined proper by the hearing examiner.

In relation to the waiver, by the Secretary, of the overpayment involved in this cause, plaintiff contends in his reply brief, that it is still at issue, for it is open to review by this Court because of the pendency of the present action. In this respect, plaintiff requests this Court to approve the waiver of the overpayment by the hearing examiner and order the defendant to effectuate this

decision operationally by making appropriate recalculation with regard to the resumption of plaintiff's benefits; and acting upon such a recalculation, by resuming plaintiff's disability benefits when due.

The defendant, on July 28, 1972, filed a second memorandum of law, reasserting the position it adopted in its first memorandum in support of allegations in the answer to the complaint, and further arguing that this Court may not grant the relief requested by the plaintiff, in view of a lack of jurisdiction to so do. Defendant states this is so because Title 28, United States Code, Section 2201, authorizing declaratory judgments, by its term requires a "case or actual controversy" before a court may issue such a judgment; and that, accordingly, a court may not render a declaratory judgment where the issue allegedly before it is moot. Likewise, defendant argues that this Court is not free to follow the district court decision in Wright v. Finch, supra, as plaintiff alleges, and that the disposition given by the Supreme Court on its appeal, Richardson v. Wright, supra, is not available herein, for the plaintiff has here exhausted all his remedies and had a hearing on his claim, and that moreover, there are no new procedures which would apply to the processing of his claim. Lastly, defendant asserts that since it granted the plaintiff full relief in relation to the waiver of the overpayment, said issue, notwithstanding plaintiff's assertion, is not before the Court.

The Court, after fully considering the allegations of the parties, is of the opinion that it cannot enter into the considerations of the merits of the declaratory judgment's petition plaintiff makes, in view of the fact that at this point, the facts of this case do not show there is a substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, for the issues of law now before the court are moot. Accordingly, it is our opinion that the complaint should be dismissed.

In Golden v. Zwickler, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969), the Supreme Court, stated that for a federal court to entertain a declaratory judgment petition[1] there must be a controversy before it, as required by the statute, and that the proper inquiry is to determine whether a "controversy" exists at the time the action is for disposition and not at the time it was initiated. The Supreme Court further stated, at page 108, 89 S.Ct. at page 959, the following:

"The federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues, 'concrete legal issues, presented in actual cases, not abstractions,' are requisite. This is as true of declaratory judgments as any other field." United Public Workers of America v. Mitchell, 330 U.S. 75, 89, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947). "The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)."

A petition for a declaratory judgment is not an exception to the rule that

---

1. Although this cause was filed under Title 42, United States Code, Section 405(g), as a final decision of the defendant, subject to review by this Court, it properly presents a request for a declaratory judgment, action which is authorized by Title 28, United States Code, Section 2201.

mootness is to be judged at the present moment and not at the time of the filing of the complaint. Merced Rosa v. Herrero (1 Cir. 1970), 423 F.2d 591.

 We concede that at the time this action was filed, there was a genuine controversy, substantial and immediate, before this Court. But, now, the facts as our previous elaboration reveal, does not warrant that we may enter into the merits of the declaratory judgment petition. A declaratory judgment is limited to cases of actual controversy, (as distinguished from differences or disputes of a hypothetical, abstract, or moot quality) which are real and substantial, admitting specific relief through a decree of conclusive character. Shank v. National Labor Relations Board (7 Cir. 1958), 260 F.2d 444, Note 2. Likewise, a declaratory judgment is improper when a cause is moot[2] in view of the fact that the question presented for decision seeks a judgment upon a matter which, even if the sought judgment were granted, could not have any practical effect upon the parties. Flight Engineer's International Association v. Trans World Airlines (8 Cir. 1962), 305 F.2d 675.

■ Were we to grant plaintiff's request and consider the merits of the issues he insists are still before the Court, we would be issuing an advisory opinion and we would be deciding a question that cannot now affect the rights of the parties herein, Oil Workers Union v. Missouri, 361 U.S. 363, 367, 80 S.Ct. 391, 4 L.Ed.2d 373 (1960), in view of the fact that plaintiff was given a hearing on this cause and there is nothing the defendant could do but what it has already done. Furthermore, we would find ourselves deciding an abstract proposition, North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971), when we can only exercise judicial power when there is a case or controversy before the Court.

In view of the foregoing, the Court hereby

Orders, adjudges and decrees that plaintiff's complaint be dismissed.

---

2. Moot questions are not to be judicially determined through a declaratory judgment, for it would be a determination of a non-justiciable issue. A declaratory judgment will only be entered in cases and controversies which are such in the constitutional sense. 6 Moore's Federal Practice, Section 57.13, at 3071 (2d ed. 1965).