## NATIONAL LABOR RELATIONS BOARD v. FRIEDMAN-HARRY MARKS CLOTHING CO. (two cases).

### Nos. 425, 426.

Circuit Court of Appeals, Second Circuit.

May 6, 1936.

Rehearing Denied May 27, 1936.

732

Leonard Weinberg, of Baltimore, Md., for the motion.

Robert B. Watts, of New York City, opposed.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

## PER CURIAM.

The respondent moves to dismiss two petitions, filed by the National Labor Relations Board for enforcement orders under section 10 (e) of the National Labor Relations Act (29 U.S.C.A. § 160 (e). On October 26, 1935, the Board "issued and caused to be served * * * a complaint" against the respondent under section 10 (b) of the act (29 U.S.C.A.'§ 160 (b), on which hearings were had on November 6th and 12th and on December 5th; and on November 19, 1935, a second "complaint" followed, on which a single hearing was had on December 5th. The respondent, wishing to challenge the constitutionality of the act, put in no evidence; and on Saturday, March 28, 1936, the Board filed findings of fact in each proceeding, and entered two "cease and desist" orders, which it mailed to the respondent on that day from Washington, and which reached it at its principal place of business in Richmond, Va., on Monday, the 30th. On the 28th the Board also forwarded to our clerk two petitions for enforcement under section 10 (e), dated that day, alleging that its orders had been "duly served upon the respondent," but not alleging that they had been disobeyed. These reached the clerk some time on the 30th, but whether before or after the mailed copies of the orders were delivered to respondent in Richmond does not appear. On the 2nd of April the Board filed typewritten transcripts "of the entire record" in this court, and the clerk mailed the proper notices to the respondent on the same day. Since our rules require such transcripts to be printed, the Board procured ex parte from Judge L. Hand an oral direction that printing be dispensed with and that the transcripts be deemed to have been filed nunc pro tunc as of March 30, 1936. Meanwhile the respondent, having received the orders on March 30th, filed petitions for review under section 10 (f) of the act (29 U.S.C.A. § 160 (f) on the 31st in the office of the clerk of the Circuit Court of Appeals for the Fourth Circuit, which it followed by filing the proper transcripts on April 15th. The question is, whether the Board's enforcement proceedings conferred an earlier, and therefore an exclusive, jurisdiction upon this court under section 10 (e), before the respondent's proceeding for review gave a similar jurisdiction to the Circuit Court of Appeals for the Fourth Circuit under section 10 (f).

The Board is right in supposing that under section 10 (e) any Circuit Court of Appeals, which it may for any reason select, will acquire jurisdiction of an enforcement proceeding, if the respondent "transacts business" within its circuit; the hearings need not have been conducted within that circuit, nor need the forbidden acts have occurred there. The respondent does in fact "transact business" in the Second Circuit. The Supreme Court in Eastman Kodak Co. v. Southern Photo Co., 273 U.S. 359, 372, 47 S.Ct. 400, 71 L. Ed. 684, passed upon those words, as used in section 12 of the Clayton Act (15 U.S. C.A. § 22), and held that they were satisfied by less activities than those of the respondent here in question. To be sure the reasoning in that case rested in part upon the progressive enlargements of the venue provisions of the anti-trust acts; but it is not likely that when a phrase has received such an authoritative interpretation in one statute regulating industry, a different intent attended its recurrence in another statute as near as this. The authorities relied upon by the respondent as to when a corporation is "present" within a state are not therefore applicable; but even if they

were, it is by no means clear that the respondent is not also "present" in New York. The mere fact that it found it necessary to take out a license to do its business here shows how it itself regarded its activities.

There remains only the question of the respective dates when the Fourth Circuit and ourselves got jurisdiction. The allegation in the Board's petitions, executed on March 28th, that the orders had then been served, was erroneous for "service" in this connection implies receipt, as it generally does. An enforcement proceeding presupposes by its very nature that the respondent has disobeyed the order, which he cannot do until he is at least advised that the "complaint" against him has been sustained. If there were any doubt of this, the statute itself lays it; for, although section 11 (4) of the act (29 U.S.C.A. § 161 (4) declares that orders "may be served either personally or by registered mail," it adds that "the return post office receipt * * * when registered and mailed * * * shall be proof of service of the same." It is the receipt of the order which constitutes service. It follows that the petitions were invalid for several reasons: First, they were incorrect in fact, as we have just said. Second, they were insufficient on their face because they did not allege that the respondent was in default. This the statute does not indeed expressly require, but again, since the enforcement proceeding is to obtain the forcible sanction of a court, the respondent should have a reasonable opportunity to comply, unless he announces in advance that he will not do so, which was not here alleged. Finally, aside from these defects of omission and commission, the petitions were premature, unless they were filed after the orders were served, which is left in doubt, though our jurisdiction should affirmatively appear, and if jurisdiction depended upon the filing of the petition alone, this last defect would have been fatal, unless the necessary fact were supplied. The respondent's appeal, begun on the next day, would in that event have been exclusive. However, the statute does not confer jurisdiction upon the mere filing of a petition; three things are necessary, a petition, a transcript of "the entire record," a notice mailed by the clerk to the respondent. Section 10 (e) of the act (29 U.S.C.A. § 160 (e) very plainly declares that all these

must concur; the court "*thereupon* shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to grant such temporary relief or restraining order as it deems just and proper." We can take no step of any sort until all this has been done. Section 10 (f) imposes the same conditions upon the respondent's appeal from an order. He must file a petition, serve a notice on the Board, "and thereupon * * * a transcript * * *. Upon such filing, the court shall proceed in the same manner as in the case of an application * * * under subsection (e), and shall have the same exclusive jurisdiction." Though the respondent's petition under section 10 (f) was on file on the 31st, its transcript was not filed until April 15th, which was therefore the critical date for its appeal. Meanwhile everything necessary to our jurisdiction had been completed on April 2nd, unless the original insufficiency of the petitions was fatal. The direction nunc pro tunc was of course a nullity; jurisdiction cannot be antedated by fictions contrary to the express provisions of the statute. Although the petitions were incorrect in fact, insufficient in law, and probably premature, still they were petitions demanding enforcement of the orders, and they were on file on April 2nd, by which time the respondent had received the orders and had disclosed its purpose to disobey. Had the petitions been amended on that day, to allege these facts, all would have been in order, and we should then have got jurisdiction, or at least on the third after the respondent had received the clerk's notice; even while unamended they were jurisdictionally adequate. The Board may amend the petitions to meet these requirements within ten days after filing of this opinion, and upon so doing, it may take an order denying the motion.

### On Petition for Rehearing.

Charles Fahy, of Washington, D. C., and Robert B. Watts, of New York City, for petitioner.

### PER CURIAM.

The petitioner asks us to reconsider our declaration that an enforcement petition must allege that the "cease and desist" order has been disobeyed. The history of the act in Congress, which is now before us for the first time, lends some color to

the contention that the respondent may be enjoined before he has any opportunity to comply. What we said was not necessary to our decision and we shall regard the point as open, if it comes before us again.

Petition denied.