198 F.2d 569
 WING et al.
v.
ARNALL, Director of Price Stabilization.
 No. 607.
 United States Emergency Court of Appeals.
 Heard at Washington August 5, 1952.
 Decided August 9, 1952.
 
 John D. Conner, Washington, D. C., for the complainants.
 Israel Convisser, Chief, Court Review Division, Brooklyn, N. Y. (Herbert N. Maletz, Chief Counsel, and James A. Durham, Associate Chief Counsel, Washington, D. C., Office of Price Stabilization, and Holmes Baldridge, Asst. Atty. Gen., Edward H. Hickey, Chief, Litigation Section, and Katherine H. Johnson, Washington, D. C., Atty. Department of Justice, on the brief), for the respondent.
 Before MARIS, Chief Judge, and MAGRUDER and LINDLEY, Judges.
 MARIS, Chief Judge.
 
 
 1
 On July 22, 1952 the complainants filed their complaint under Section 408(a) of the Defense Production Act of 1950, as amended, 50 U.S.C.A. Appendix, § 2108(a), seeking to have Section 1(c) of Supplementary Regulation 3 to the General Ceiling Price Regulation set aside as illegal. They averred that they had filed a protest against the regulation which had been denied by the respondent. At the same time they filed a motion for an order granting temporary relief. This was filed under the authority of Section 408(a) of the Defense Production Act of 1950, as amended by Section 113 of the Act of June 30, 1952, c. 530, 66 Stat. 302. The respondent filed objections to the motion on July 31, 1952, and the motion and objections were heard by the court on August 5, 1952.
 
 
 2
 The respondent's first objection is that the court is without power, at this stage of the proceeding, to grant the temporary relief which the complainants seek by their motion. He points out that the transcript of the proceedings in connection with the complainants' protest has not yet been filed and he argues that, by the express provisions of Section 408(a), as amended by the Act of 1952, the court does not acquire power to grant such temporary relief until the transcript has been filed with it. We think that the respondent's objection is well taken.
 
 
 3
 The pertinent provisions of Section 408 (a), with the amendments made by the Act of 1952 indicated, are as follows:
 
 
 4
 "Sec. 408(a) Any person who is aggrieved by the denial or partial denial of his protest may, within thirty days after such denial, file a complaint with the Emergency Court of Appeals specifying his objections and praying that the regulation or order protested be enjoined or set aside in whole or in part. A copy of such complaint shall forthwith be served on the President, who shall certify and file with such court a transcript of such portions of the proceedings in connection with the protest as are material under the complaint. Such transcript shall include a statement setting forth, so far as practicable, the economic data and other facts of which the President has taken official notice. Upon [the] such filing, [of such complaint] the court shall have exclusive jurisdiction of the proceeding and of all questions determined therein, and shall have power to grant such temporary relief or restraining order as it deems just and proper; to permanently enjoin or set aside [such regulation or order], in whole or in part, the regulation or order or the amendment of or supplement to the regulation or order protested; to make and enter upon the pleadings, evidence, testimony, and proceedings set forth in such transcript a decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the President; to dismiss the [complaint,] petition; or to remand the proceeding to the President for further action in accordance with the court's decree: Provided, That the regulation or order may be modified or rescinded by the President at any time notwithstanding the pendency of such complaint."
 
 
 5
 Parenthetically it should be noted that pursuant to the authority granted by Sec. 403 of the Defense Production Act of 1950, 50 U.S.C.A.Appendix, § 2103, the President delegated his functions under the act with respect to price controls to the Economic Stabilization Administrator by Executive Order 10161, issued September 9, 1950, 15 FR 6105, and that by Economic Stabilization Agency General Order 2, issued January 24, 1951, 16 FR 738, those functions were in turn redelegated to the Director of Price Stabilization, the respondent in this case.
 
 
 6
 It will be seen that under Sec. 408 (a) of the Defense Production Act as it stood prior to the 1952 amendments it was expressly provided that "Upon the filing of such complaint the court shall have exclusive jurisdiction". But the Act of 1952 changed this language to read: "Upon such filing, the court shall have exclusive jurisdiction", thus referring back to the filing last previously mentioned in the subsection. This was the filing of the transcript, as we see when we examine the language of the subsection quoted above. We are compelled to conclude that the change in phraseology made by Congress in 1952 was intended to defer the vesting of power in this court to grant relief until the filing of the transcript. Otherwise the change in language would not only have been wholly meaningless but would in addition have violated accepted rules of grammatical construction. Moreover there is basis in reason for the change since it assures that we will have before us the evidence which was before the Director of Price Stabilization when he denied the protest, as well as his opinion, whenever we are called upon to consider the granting of any relief, either temporary or permanent.
 
 
 7
 It would appear that the new language introduced into Sec. 408(a) by the Act of 1952 was taken largely from Sec. 10(e) of the National Labor Relations Act, 29 U.S.C.A. § 160(e). For after providing for the filing with the court of a petition and a transcript of the record before the Board that act provides: "Upon such filing, the court * * * shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to grant such temporary relief or restraining order as it deems just and proper, and to make and enter upon the pleadings, testimony, and proceedings set forth in such transcript a decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the Board." Under this language of the National Labor Relations Act it has been held that the filing of the transcript is a condition precedent to the acquisition of jurisdiction by the reviewing court. National Labor R. Bd. v. Friedman-Harry Marks Clothing Co., 2 Cir.1936, 83 F.2d 731. We think that case is authority for our conclusion here.
 
 
 8
 The fact that the transcript has not yet been filed does not mean, however, that the complainants' motion must be dismissed, as the respondent urges. For the complainants had the right to file it, as much right as they had to include the prayer for relief in their complaint. It merely means that the motion may not be considered or determined by the court until after we have acquired power to do so through the filing of the transcript, which is due under Rule 15(a), 50 U.S.C.A. Appendix following section 924, on or before August 14, 1952.
 
 
 9
 An order will accordingly be entered deferring consideration of complainants' motion for temporary relief until after the transcript has been filed. The court will as promptly as may be after that time proceed to consider and determine the motion and, if the parties so stipulate, will do so on the briefs and oral argument already submitted and without further oral argument.