**S. L. INDUSTRIES, INC., and Extruded Products Corporation, Petitioners,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 80–1715.

United States Court of Appeals, First Circuit.

Argued Sept. 14, 1981.

Decided Feb. 22, 1982.

Allen M. Blake and R. Samuel Leonard, Tampa, Fla., with whom Allen M. Blake, P. A., Tampa, Fla., was on brief, for petitioners.

Lawrence E. Blatnik, Atty., Washington, D. C., with whom William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel and Howard E. Perlstein, Atty., Washington, D. C., were on brief, for respondent.

Before CAMPBELL, Circuit Judge, VAN DUSEN, Senior Circuit Judge,* BOWNES, Circuit Judge.

VAN DUSEN, Senior Circuit Judge.

In this case, S.L. Industries, Inc. (S.L.) and Extruded Products Corporation (Extruded) petition for review of an order of the National Labor Relations Board (Board) requiring them to cease and desist from discriminating against certain of their employees in violation of sections 8(a)(1) and 8(a)(3) of the National Labor Relations Act (Act), to make those employees whole for losses suffered as a result of such discrimination, and to recognize and bargain collectively with the employees' union. The Board has filed a cross-application for en-

---

* Of the Third Circuit, sitting by designation.

forcement of its order and, subsequently, a motion to dismiss the employers' petition for improper venue.[1] We consolidated hearing on the motion with the merits of the appeal and, after oral argument, ordered supplemental briefs on the issue of venue.

Because we conclude that the petitioners do not transact business in this circuit within the meaning of the Act, we will grant the Board's motion and dismiss the appeal for lack of proper venue.

## I.

The facts of this case insofar as they are relevant to the issue at hand are quite straightforward. S.L. is a Connecticut corporation with its headquarters and principal place of business in Madison, Conn. Extruded is a New Jersey corporation with its principal place of business in Clinton, N. J. The unfair labor practices upon which this case is based took place at S.L.'s plant in Madison, Conn. New Jersey is located in the Third Judicial Circuit and Connecticut is located in the Second Judicial Circuit. 28 U.S.C. § 41 (1976).

In its amended jurisdictional statement and in various supporting memoranda and arguments on this issue, the petitioners allege, and we take as true, that over a period of years they have bought from and sold to various individuals and businesses located in Massachusetts, New Hampshire, and Rhode Island—all of which are located in the First Circuit. Further, S.L. maintains that one of these customers, Technical Papers Corp., of Needham, Massachusetts, has also acted as "exclusive sales representative" for S.L.

within the states comprising the First Circuit. There is, however, no evidence that Technical Papers Corp. took any action on the petitioners' behalf other than pursuing the normal course of its own business or that it was compensated for its "exclusive representation."

It is undisputed that neither S.L. nor Extruded has at any time owned or leased property or maintained an office or employees within the First Circuit. Neither corporation, apparently, is registered to do business in any state within the First Circuit. Thus, their sole contacts are the purchases and sales and the "exclusive representation" arrangement with one Massachusetts customer.

## II.

Section 10(f) of the Act provides that:

"(f) Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person *resides or transacts business*, or in the United States Court of Appeals for the District of Columbia, by filing in such court a written petition praying that the order of the Board be modified or set aside."

29 U.S.C. § 160(f) (1976) (emphasis added).[2] Clearly, the issue in this case is whether petitioners "transact business" within the meaning of this section.

Unfortunately, there are few cases precisely on point, as most of the reported

---

1. Although the parties variously frame the issue in terms of this court's "jurisdiction" or "venue" to entertain this petition, we are persuaded that the proper analysis is whether venue properly lies in the circuit under the Act. *See N.L.R.B. v. Wilder Mfg. Co.*, 454 F.2d 995, 998 n.12 (D.C.Cir.1972) ("Judicial decisions have made clear that all intermediate federal courts have jurisdiction to review and enforce orders of the NLRB and that 29 U.S.C. §§ 160(e), (f), in designating particular forums for given cases, are concerned only with venue."). *Cf. Panhandle Eastern Pipe Line Co. v. F.P.C.*, 324 U.S. 635, 638–39, 65 S.Ct. 821, 823–

24, 89 L.Ed. 1241 (1945); *Dantes v. Western Foundation Corp. Ass'n*, 614 F.2d 299, 300–01 & n.1 (1st Cir. 1980).

In discussing other cases, however, we will use the term "jurisdiction" when that is the term used by the court in the case under discussion.

2. The Board may apply for enforcement of its order under section 10(e) in "any circuit . . . wherein the unfair labor practice in question occurred or wherein such person resides or transacts business . . . ." 29 U.S.C. § 160(e) (1976).

decisions simply repeat the language of the statute and conclude that venue is proper without extended discussion. Nonetheless, several cases are instructive. In *Farah Manufacturing Company, Inc. v. N.L.R.B.*, 481 F.2d 1143 (8th Cir. 1973), which is relied upon heavily by both the petitioners and the Board, the court found that jurisdiction existed in the Eighth Circuit where the employer—whose headquarters, principal place of business, and manufacturing plants were all in Texas—maintained its own small sales office in North Dakota and had a sales agent operating out of it. The petitioners here argue that there is no essential difference between their "exclusive representation" arrangement with Technical Papers Corp. and the situation in *Farah* because there is no indication in the latter case that the "sales agent" was a company employee. We disagree.

■ A careful reading of *Farah* makes clear that the court there recognized that the employer's contact with North Dakota was tenuous but opted to apply a "liberal reading" of the "transacts business" standard because the facts of the case fit precisely those of the Fifth Circuit's earlier decision in *Olin Industries, Inc. v. N.L.R.B.*, 191 F.2d 613, 614 & n.1 (5th Cir. 1951), *cert. denied*, 343 U.S. 919, 72 S.Ct. 676, 96 L.Ed. 1332 (1952). It is our reading that *Olin*, and thus by implication *Farah*, turned on the fact that in both cases the employer maintained its own facility—a warehouse in *Olin* and an office in *Farah*—in the circuit in which it sought review. Without deciding whether the mere physical presence of a warehouse or office would suffice to ground proper venue in every case,[3] we have no trouble determining that a *lack* of such presence in this case is determinative. Petitioners here lack any serious indicia of a company which "resides or transacts business" in this circuit. They maintain neither offices, storage facilities, corporate records, nor even telephone listings within this venue. Perhaps more importantly from the point of view of forwarding the policies of the National *Labor Relations* Act, they do not have employees in any state within this circuit. A mere exclusive dealing arrangement in the state of Massachusetts with a single distributor is simply an insufficient basis upon which to base proper venue under the Labor Act. Were this enough, large corporations would be free to roam the entire country in search of venues which might provide them with what, in their opinion, would be a more favorable hearing. Congress would not have expressly provided a *limitation* on venue had it intended this result. Indeed, we note that in *Farah* the Eighth Circuit took jurisdiction of the case based upon the minimal finding of a company office within the circuit only for the purpose of *transferring* the case to another forum explicitly in order to discourage forum shopping. We therefore see no reason why we should find venue proper here, when the petitioners are unable to make even the threshold showing of a physical presence and when they freely admit that they have come to this circuit in order to avail themselves of what, in their opinion, are more favorable precedents.

The petitioners also urge that, in the absence of a decision definitively construing these sections of the National Labor Rela-

---

3. We note that even the token "physical presence" rule may not be the settled law of either the Fifth or the Eighth Circuits in all cases. The Fifth Circuit's jurisdiction in *Olin* was not contested by the Board and discussion of it was limited to a short footnote. *See* 191 F.2d at 613–14 n.1. Since a determination that the court has jurisdiction is always essential to its holding, this discussion cannot properly be called dictum. Nonetheless, since the issue was conceded and, thus, never fully litigated, the court's conclusion cannot be said to constitute a broad proposition of law as the petitioners here characterize it.

Moreover, the *Farah* court's conclusion that it had jurisdiction was based primarily upon this narrow holding in *Olin*. This conclusion was then used not as a basis for deciding the merits but to permit the court to make a discretionary transfer of the case to the Fifth Circuit under 28 U.S.C. § 2112(a) (1976) explicitly in order to discourage forum shopping. *See* 481 F.2d at 1145. Thus, the case loses much of the authority when examined in the context of a case where no such transfer is available and the issue is whether the asserted venue is a proper one to actually hear the dispute.

tions Act, we should consider the construction given to the identical language in section 12 of the Clayton Act, 15 U.S.C. § 22 (1976). Setting aside the question of whether the venue provisions of the antitrust laws and those of the labor laws are governed by identical policy concerns, we nevertheless find these cases to be similarly unsupportive of the petitioners' position. Initially, in the very case that first utilized this comparison, the court grounded its finding of jurisdiction on the fact that the employer there was licensed to do business in a state within the circuit. *N.L.R.B. v. Friedman-Harry Marks Clothing Co.*, 83 F.2d 731, 732–33 (2d Cir. 1936), *aff'd on other grounds*, 301 U.S. 58, 57 S.Ct. 645, 81 L.Ed. 921 (1937). The court noted that section 12 of the Clayton Act had been satisfied by "less activities than those of the respondents here" but declined to specify how much less.

Second, the single case relied on by petitioners in support of their argument that sales to concerns within this circuit are sufficient for venue, *Green v. U.S. Chewing Gum Mfg. Co.*, 224 F.2d 369 (5th Cir. 1955), construed section 12 of the Clayton Act with reference to the "minimum contacts" analysis of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), which itself extended the reach of personal jurisdiction to the limit permitted by the Fourteenth Amendment. We believe that an analysis of the facts of this case under the minimum contacts framework reinforces our conclusion that S.L. and

Extruded do not transact business in the First Circuit, especially in light of the Supreme Court's most recent decision in *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). *See also DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280 (3d Cir. 1981).[4]

Finally, in a recent Clayton Act case, *Caribe Trailer Systems v. Puerto Rico Maritime*, 475 F.Supp. 711 (D.D.C.1979), the district court found:

"Whether a defendant has transacted business is largely a factual question to be determined in each case. In making this determination, courts look for tangible manifestations of doing business. Such manifestations are absent here. None of the moving parties has officers, employees, or agents within the district. None has offices or owns property here, nor do they maintain corporate records, telephones, telephone listings, or bank accounts. Plaintiffs' complaint does not suggest any other activity of a similar nature that might bring defendants within the transacting business standard."

*Id.* at 716–17 (footnotes omitted). In the present case, we reach the same conclusion: there are no "tangible manifestations" that S.L. and Extruded are transacting business in this circuit.[5]

### III.

Under section 2112(a) of the Judicial Code, the courts of appeals have the power to transfer review and enforcement proceedings such as this to another court of

4. By way of illustration, if this case involved an automobile accident, rather than an unfair labor practice, we believe that the minimum contacts analysis would not permit S.L. and Extruded to be sued in a Massachusetts state court if the plaintiffs were seeking to do so in order to take advantage of more favorable state law.

5. The petitioners make two additional arguments which require brief comment. First, they argue that the Board is bound to litigate in the forum chosen by the employer if the latter files first. Even a cursory reading of the cases cited, however, makes clear that they assume that the employer has filed in a circuit where venue is otherwise proper. *See, e.g., Chatham*

*Mfg. Co. v. N.L.R.B.*, 404 F.2d 1116 (4th Cir. 1968).

Second, the petitioners argue that there is an interest in having the case reviewed in a circuit which has recently decided an analogous case. This is not the law. The only cases which even vaguely deal with this issue do so in the context of a section 2112(a) transfer to a circuit where venue is otherwise proper and where the recent cases decided by that court involved the same parties and transactions so that the reviewing court would be familiar with the background of the case. Nowhere was this considered to be an independent ground for finding venue or intended to countenance forum shopping. *See Farah Manufacturing Company, Inc. v. N.L.R.B.*, 481 F.2d at 1145.

appeals under certain circumstances. Section 2112(a) provides in pertinent part:

> "If proceedings have been instituted in two or more courts of appeals with respect to the same order the agency, board, commission, or officer concerned shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted. The other courts in which such proceedings are pending shall thereupon transfer them to the court of appeals in which the record has been filed. For the convenience of the parties in the interest of justice such court may thereafter transfer all the proceedings with respect to such order to any other court of appeals."

28 U.S.C. § 2112(a) (1976). On its face, this power appears to be limited to cases where petitions have been filed in two or more courts. Nonetheless, some courts have held, *see Farah Manufacturing Company, Inc. v. N.L.R.B.*, 481 F.2d at 1145, and this court has at least implied, *see N.L.R.B. v. Bayside Enterprises, Inc.*, 514 F.2d 475, 476 (1st Cir. 1975), that the courts of appeals "possess the inherent power based on sound principles of judicial administration to transfer the case to another circuit court." *Farah Manufacturing Company, Inc. v. N.L.R.B.*, 481 F.2d at 1145.

■ Because there has not been another petition filed in this case, we clearly do not have power to transfer under the express terms of section 2112(a). Further, because none of the factors which pointed to a clearly preferable circuit to which to transfer in *Farah* are present here, we decline to reach the question of our inherent power to transfer and the desirability of doing so in this case. Here, there is no need, in the furtherance of "sound principles of judicial administration," for us to determine in which of the two apparently proper circuits the merits of this case should be determined.

## IV.

For the foregoing reasons, the Board's motion to dismiss the appeal for improper venue will be granted.

Costs will be paid by the petitioners.