**DAVLAN ENGINEERING, INC.,**
**Petitioner,**

v.

**NATIONAL LABOR RELATIONS**
**BOARD, Respondent.**

No. 82–2150.

United States Court of Appeals,
Fourth Circuit.

July 22, 1983.

### ORDER

JAMES DICKSON PHILLIPS, Circuit Judge.

The National Labor Relations Board (the Board) has moved this court to dismiss, on the basis of improper venue, a petition for review of a Board order filed by Davlan Engineering, Inc. (Davlan), pursuant to 29 U.S.C. § 160(f). We deny the Board's motion but order transfer of the petition for review because venue is improper.

### I

As the parties have stipulated,[1] in December 1982 the Board issued a decision and order finding that Davlan had violated sections 8(a)(5) and 8(a)(1) of the National Labor Relations Act (the Act) by refusing to bargain with a Board-certified union. Davlan is an engineering concern with its manufacturing and office facilities located solely in St. Louis, Missouri. It is undisputed that the unfair labor practice occurred there, if at all.

Davlan's contacts with the states embraced by this circuit may be summarized briefly. It maintains sales representatives who solicit business for the company in Maryland, Virginia, North Carolina, and South Carolina, and it has purchased goods shipped from establishments in Maryland. Davlan is under contract to supply smoke grenades to a branch of the United States Army which is located in Edgewood, Maryland. This contract—which constitutes the lion's share of Davlan's business—has necessitated that Davlan executives travel to Maryland, that Army personnel based in Maryland give instructions to Davlan in St. Louis regarding the particulars of the project, and that numerous telephone calls be made between Maryland and St. Louis. Moreover, numerous shipments of goods have been made between Davlan's operations in St. Louis and the Army facilities in Maryland.

### II

The Act provides that any person aggrieved by a Board order may obtain review "in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business." 29 U.S.C. § 160(f). Given that the unfair labor practice at issue allegedly occurred in St. Louis, and that Davlan "resides" there as well,[2] venue is proper on this petition for review only if Davlan "transacts business" within this circuit.

Without attempting to define the minimum level of activity necessary to satisfy this prong of the § 160(f) venue requirements, we hold that Davlan does not "transact business" in this circuit. It has neither any permanent physical facility nor any employees situated here. *See S.L. Industries, Inc. v. NLRB,* 673 F.2d 1, 3 (1st Cir.1982). If the mere purchase and sale of goods, with its attendant telephone and personal contacts—which fairly characterizes all Davlan's contacts with this circuit—suffices without more as "transacting business," we think the force of § 160(f) as a venue-limiting provision would be effectively eviscerated. *See S.L. Industries,* 673 F.2d at 3.

1. In response to order of this court providing for resolution of venue-fact issues by stipulation of the parties or by reference to a master.

2. Therefore, venue clearly is proper in the United States Court of Appeals for the Eighth Circuit.

## III

Accordingly, it is hereby ORDERED that the petition for review shall be TRANSFERRED to the United States Court of Appeals for the Eighth Circuit, unless within fifteen days the petitioner advises the court of a more appropriate venue. The motion of the National Labor Relations Board to dismiss the petition for review is DENIED. Entered with the concurrences of Judge Murnaghan and Judge Chapman.