IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2008

No. 08-60593
Summary Calendar

Charles R. Fulbruge III
Clerk

BALLY'S PARK PLACE INC, doing business as Bally's Atlantic City

Petitioner

v.

NATIONAL LABOR RELATIONS BOARD

Respondent

On Petition for Review from an Order of the
National Labor Relations Board

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The United Automobile Workers filed an unfair labor practice charge against Bally's Park Place, a New Jersey casino operator. The National Labor Relations Board granted summary judgment to the UAW. Bally's timely petitioned this court for review. The NLRB moved to dismiss for lack of jurisdiction and improper venue. We agree and dismiss the appeal.

An important stage in this dispute was reached on April 11, 2007, when the NLRB certified the UAW as the exclusive collective bargaining

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

representative for certain Bally's employees. In an effort to test the NLRB's certification, Bally's refused to bargain with the UAW. In response, the UAW filed an unfair labor practice charge. The NLRB entered a final order holding that Bally's had acted unlawfully. An appeal from such a final order is to the court of appeals for the federal circuit where the challenged labor practice occurred, or where the aggrieved party resides or transacts business:

> Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business, or in the United States Court of Appeals for the District of Columbia, by filing in such court a written petition praying that the order of the Board be modified or set aside.

29 U.S.C. § 160(f).

The issue on which we rule today is whether Bally's may bring the appeal to the Fifth Circuit. Bally's concedes that it does not "reside" in Louisiana, Mississippi, or Texas. Instead, Bally's is incorporated in Delaware and operates facilities only in New Jersey. The labor practice that is said to be unfair was not committed in this Circuit. Thus, this court may accept the appeal only if Bally's "transacts business" within the Circuit.

There is no statutory definition of this phrase, "transacts business." There is little case law either, but we will discuss below what we find relevant among the precedents. The starting premise for our review of the authorities is that Section 160(f) is not a grant of universal jurisdiction. That conclusion is based on nothing more than what we take to be self-evident, that had Congress wanted no limits, there were straightforward ways to make that clear.

Whatever "transacts business" might mean in detail, the term is a focus on contacts of a certain – though somewhat ambiguous – type within a federal circuit. "Contacts" are not what have propelled Bally's bringing the appeal here.

Since early in the dispute, Bally's has admitted that the Fifth Circuit is its preferred jurisdiction for review of the NLRB's decision because one of our precedents is said to be supportive of its position on the merits. See Marriott In-Flite Servs., Div. of Marriott Corp. v. NLRB, 417 F.2d 563 (5th Cir. 1969). Bally's motives would not cancel a finding that the appeal was properly brought should the statutory term "transacts business" be satisfied, but it is evident that the case is not here because of physical convenience.

Bally's primary argument is that it may borrow the contacts of its parent corporation, Harrah's Entertainment, Inc. Bally's maintains that, as a wholly owned subsidiary of Harrah's, the two are part of an "interrelated network of entertainment facilities." Harrah's certainly does transact business in the Fifth Circuit. Among facilities that it operates in Louisiana and Mississippi are Harrah's New Orleans, Horseshoe Bossier City, Harrah's Louisiana Downs, Grand Casino Biloxi, Horseshoe Tunica, Grand Casino Tunica, and Sheraton Casino & Hotel Tunica. However, the facts of Harrah's activities do not justify a finding that Bally's transacts business in the Circuit.[1] Other Circuits maintain a distinction between parent corporations and their subsidiaries in applying the NLRB judicial review provision. See, e.g., Rikal, Inc. v. NLRB, 721 F.2d 402, 404 (1st Cir. 1983) (a parent corporation who is not a named party in the NLRB's final order may not seek review in the court of appeals because the parent corporation is not an "aggrieved party" under the Act); Pepsico, Inc. v. NLRB, 382 F.2d 265, 266-67 (6th Cir. 1967) (same). We agree with these precedents and hold that only Bally's corporate contacts are relevant, not Harrah's.

---

[1] Bally's cites us to a precedent discussing citizenship for diversity. J.A. Olson Co. v. City of Winona, 818 F.2d 401 (5th Cir. 1987). A subsidiary wanted its principal place of business ignored and its parent corporation's principal place of business imputed to it. Choosing between possible places of citizenship is irrelevant here, but we also stated "that a corporation may, through another entity or the alter ego doctrine, gain additional places of citizenship." Id. at 413-14 (emphasis in original). That case will not carry Bally's where it wants to go, because nothing in the record supports that Harrah's is an alter ego of Bally's.

Alternatively, Bally's alleges that it transacts business in the Circuit in the following ways: it profits financially from patrons who travel from the Fifth Circuit to its New Jersey casinos; by mail solicitation and the Internet, Bally's advertises to Fifth Circuit customers; and it enters into business contracts with Fifth Circuit residents because customers are permitted to make room reservations via an on-line website. If such contacts were sufficient, though, the statutory provision that we have found to create some limit to the number of Circuits to which a particular appeal may be taken, would become no limitation at all. More is required than these contacts.

Admittedly, there is a shortage of case law in this area. S.L. Indus., Inc. v. NLRB, 673 F.2d 1, 2-3 (1st Cir. 1982) (noting that, "[u]nfortunately, there are few cases precisely on point"); Farah Mfg. Co. v. NLRB, 481 F.2d 1143, 1145 (8th Cir. 1973) (noting that "the scope of the phrase 'transacts business' has received little judicial attention in reported labor decisions"). On occasion, however, courts have sought to flesh out the "transacts business" requirement. For instance, the Fourth Circuit conducted the following analysis:

> Davlan's contacts with the states embraced by this circuit may be summarized briefly. It maintains sales representatives who solicit business for the company in Maryland, Virginia, North Carolina, and South Carolina, and it has purchased goods shipped from establishments in Maryland. Davlan is under contract to supply smoke grenades to a branch of the United States Army which is located in Edgewood, Maryland. This contract - which constitutes the lion's share of Davlan's business - has necessitated that Davlan executives travel to Maryland, that Army personnel based in Maryland give instructions to Davlan in St. Louis regarding the particulars of the project, and that numerous telephone calls be made between Maryland and St. Louis. Moreover, numerous shipments of goods have been made between Davlan's operations in St. Louis and the Army facilities in Maryland.
>
> \*\*\*\*
>
> [W]e hold that Davlan does not "transact business" in this circuit. It has neither any permanent physical facility nor any employees situated here. If the mere purchase and sale of goods, with its

attendant telephone and personal contacts - which fairly characterizes all Davlan's contacts with this circuit - suffices without more as "transacting business," we think the force of § 160(f) as a venue-limiting provision would be effectively eviscerated.

Davlan Eng'g, Inc. v. NLRB, 718 F.2d 102, 103 (4th Cir. 1983) (citations omitted).

The principal precedent in our own Circuit is consistent with an analysis requiring some sort of physical presence. In the case, a Connecticut gun manufacturer sought review in the Fifth Circuit of an NLRB decision. Olin Indus., Winchester Repeating Arms Co. Div. v. NLRB, 191 F.2d 613, 614 (5th Cir. 1951). Because the NLRB did not contest jurisdiction, we did not analyze the issue but only noted that the manufacturer owned a warehouse in Texas. Id. at 613 n.1. Bally's, however, maintains no physical presence in the Fifth Circuit. We find this fact significant but need not decide if it is dispositive.

What is dispositive is there is nothing else to which Bally's can point that equates to business activities. Transacting business in the Circuit sufficient for an appeal will require more than individuals' within the Circuit connecting with Bally's through the commonplace and universal reach of modern technology.

We do not attempt to identify the precise contacts needed to satisfy the Act's judicial review provision. We hold that, on this appellate record, Bally's has not shown that it transacts business in the Fifth Circuit. A contrary conclusion would allow almost any corporation to obtain judicial review of an NLRB final order in any Circuit Court of Appeals. That is not what the review statute permits. The NLRB's motion to dismiss is therefore GRANTED.